UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

IN THE MATTER OF: : 20 CIV. 2720 (VSB)
DAVID YASEEN and CAROLYN JURIS, :
as Owners of the 1982 Catalina 30 sailing vessel, : ECF CASE
S/V "ENDURANCE" Hull No. CTYN2771M82I, :
Registration No. NY3965FR4 : **ORDER GRANTING MOTION**
her tenders, gear, furniture, tackle, : **FOR DEFAULT JUDGMENT,**
appurtenances, etc. : **EXONERATING PLAINTIFFS**
: **FROM LIABILITY AND**
Plaintiffs. : **BARRING CLAIMS**

------------------------------------------------------X

**WHEREAS**, on April 2, 2020 Plaintiffs David Yaseen and Carolyn Juris ("Plaintiffs") filed their "limitation of liability" complaint ("the Complaint") as the owners of the sailing vessel "ENDURANCE" ("the Vessel") and alleged entitlement to exoneration and/or limitation of liability pursuant to the "Limitation Act," 46 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Supplemental Rules"); and

**WHEREAS**, the Complaint prayed that Plaintiffs be exonerated from liability for any claims of damage or injury arising from a particular event that occurred on or about October 17, 2019, *i.e.,* when the Vessel broke loose from its mooring located in the navigable waters of City Island, New York, and then drifted during a severe storm known as a "bomb cyclone" ("the Incident"); and

**WHEREAS**, Plaintiffs disavowed that any losses, damages, or injuries from the Incident were caused or contributed to by any fault, neglect, design or want of due care or due diligence on their part or that of the Vessel, her crew, or anyone for whom they may be responsible; and

**WHEREAS**, Plaintiffs have alleged that as a result of the Incident they received two written claims against them, *i.e.*, one by Incorporated Village of Saddle Rock and one by Travelers

1

Subrogation Services a/s/o Serge Hoyda, and that both claims involved, for example, damage to property, structures, docks, equipment, salvage and clean-up costs; and

**WHEREAS**, pursuant to 46 U.S.C. § 30505 and Supplemental Rule F, on April 14, 2020 the Court issued an Order ("the Order") directing issuance of notice, restraining prosecution of claims, and setting a July 13, 2020 deadline for filing claims, which provided in relevant part as follows:

> IT IS FURTHER ORDERED that a Notice, a copy of which is attached hereto, shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the Complaint seeks exoneration from or limitation of liability admonishing them to file their respective claims with the Clerk of Court, in writing, and to serve on the attorneys for Petitioners a copy thereof on or before July 13, 2020 following this Court's issuance of a Notice pursuant to Supplemental Rule F(4) or be defaulted, and that if any claimant desires to contest either the right to exoneration from liability or the right to limitation of liability, such claimant shall file and serve on the attorneys for the Petitioners an Answer to the Complaint on or before said date, unless the claims have included an Answer to the Complaint, so designated, or be defaulted…;

and

**WHEREAS**, on April 16, 2020 the Clerk of Court issued Notice ("the Notice"), which provided in relevant part as follows:

> PLEASE TAKE FURTHER NOTICE that all persons, firms, entitled or corporations having any claims or suits against the Petitioners arising or resulting from the incident must file a claim, as provided in Rule F of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, with the Clerk of this Court at Daniel Patrick Moynihan Courthouse, United States District Court, 500 Pearl Street, New York, NY 10007 and must deliver or mail to the attorneys for Petitioners, Charles E. Murphy…a copy on or before the 13th day of July, 2020… or be defaulted…;

and

**WHEREAS**, no claims have been filed in this action notwithstanding that Plaintiffs complied with the service and publication requirements contained in the Order as evidenced by their certificate of service; and

**WHEREAS**, because no claims were filed by the July 13, 2020 deadline, on August 25, 2020 the Clerk of Court entered a Certificate of Default pursuant to Fed. R. Civ. P 55(a) against all persons who failed to file claims and/or answers, including against Incorporated Village of Saddle Rock and Travelers Subrogation Services a/s/o Serge Hoyda, which provided as follows:

> I, Ruby J. Krajick, Clerk of the United States District Court for the Southern District of New York, do hereby certify that on April 2, 2020 Plaintiffs filed the operative complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq. ("the Complaint") in connection with damages caused when their vessel broke free from its mooring during an October 17, 2019 storm [Doc. 8]; that on April 14, 2020 Judge Broderick issued an Order ("the Order") directing *inter alia the* issuance of notice and setting a July 13, 2020 deadline for filing claims and/or answers [Doc. 10]; and that on April 16, 2020 the Clerk issued the Notice [Doc. 11].
>
> Pursuant to Plaintiffs' Certificate of Service filed on the docket [Doc. 13], I further certify that Plaintiffs published the Notice in the Newsday newspaper on May 21, 2020, May 29, 2020, June 4, 2020 and June 11, 2020. Furthermore, Plaintiffs served the Order, Notice and Complaint upon the Incorporated Village of Saddle Rock on May 22, 2020, and also served Travelers Subrogation Services a/s/o Serge Hoyda on May 22, 2020 and May 26, 2020.
>
> I further certify that the docket entries indicate that no claims and/or answers have been filed against Plaintiffs in this action. Thus, in accordance with Judge Broderick's Order, the default of all persons claiming damages in connection with the matters alleged in the Complaint, including but not limited to the Incorporated Village of Saddle Rock and Travelers Subrogation Services a/s/o Serve Hoyda, are hereby noted;

and

**WHEREAS**, on September 14, 2020 Plaintiffs moved for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), by order to show cause, praying for exoneration from liability pursuant to 46 U.S.C. § 30501, *et seq.* for all damages related to the Incident, and praying for default judgment in their favor as against all persons who failed to file claims by July 13, 2020, including against Incorporated Village of Saddle Rock and Travelers Subrogation Services a/s/o Serge Hoyda; and

3

**WHEREAS**, on September 30, 2020 the Court issued an Order to Show Cause ("the OTSC") in connection with Plaintiffs' application for default judgment, scheduled a hearing for December 2, 2020, and required that Plaintiffs serve the OTSC on Incorporated Village of Saddle Rock and Travelers Subrogation Services a/s/o Serge Hoyda on or before October 16, 2020; and

**WHEREAS**, on October 1, 2020 Plaintiffs served the OTSC on Incorporated Village of Saddle Rock and Travelers Subrogation Services a/s/o Serge Hoyda as evidenced by their certificate of service; and

**WHEREAS**, the Court conducted an on the record hearing on December 2, 2020 in connection with Plaintiffs' application for default judgment at which only Plaintiffs' counsel appeared;

**NOW, on motion of the attorneys for the Plaintiffs, it is**

**ORDERED that**

For the reasons stated on the record at the December 2, 2020 hearing, and upon careful review of the pleadings, facts, and relevant authorities, the Court hereby GRANTS the Plaintiffs' motion for default judgment pursuant to Fed. R. Civ. P. 55 (b)(2). The Clerk is hereby ORDERED to enter DEFAULT JUDGMENT in favor of the Plaintiffs, David Yaseen and Carolyn Juris, exonerating them from liability, and against all parties who have failed to file claims by July 13, 2020, against the Plaintiffs, David Yaseen and Carolyn Juris, or the Vessel (the 1982 Catalina 30 sailing vessel "ENDURANCE", Hull No. CTYN2771M82I, Registration No. NY3965FR4) arising out of the Incident when the Vessel broke loose from its mooring located in the navigable waters of City Island, New York during a storm and drifted on or about October 17, 2019. All such claims and proceedings relating to the Incident on that date are thus hereafter barred WITH PREJUDICE in the United States. The Clerk is directed to close the file.

**It is SO ORDERED.**

Dated: New York, New York
December 3, 2020

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

5